## COMMONWEALTH vs. MICHAEL CONNOLLY.

Proof that a defendant, not being a deputy of the constable of the Commonwealth, demanded admittance to a house, saying that he " came to search for liquors " and that he was " a state constable," or " the state constable," and that, being thereupon admitted, he searched the house, is sufficient to warrant a verdict against him on the trial of an indictment which charges that he did falsely assume and pretend to be a deputy of the constable of the Commonwealth and take upon himself to act as such.

INDICTMENT under the St. of 1866, c. 262, § 5, charging that the defendant at Boston on March 24, 1867, " did falsely assume and pretend to be " " a deputy of the constable of the Commonwealth," " and did then and there unlawfully take upon himself to act as such officer, by declaring himself to one Bridget Durand to be such officer, and by then and there searching in the dwelling-house of one Bartley Durand, the husband of the said Bridget, for intoxicating liquors kept for sale contrary to law."

At the trial in the superior court, before *Putnam*, J., Bridget

---

Durand testified that on the day charged the defendant, with others, came to the house, having in his hand a pencil and memorandum book, and, knocking at the door, demanded admittance, saying " that he came to search for liquors, and that he was a state constable; " that thereupon he was admitted, and searched in the kitchen and bedroom, but did not find any liquors. On cross-examination the witness said that she was uncertain whether the defendant declared that he was " a state constable " or " the state constable."

A police officer also testified for the government that he arrested the defendant, who told him that he " went to the house for liquor and looked in the bedroom."

It was proved by the testimony of the constable of the Commonwealth, and was admitted by the defendant, that the defendant was not the constable of the Commonwealth, nor a deputy of the constable of the Commonwealth.

This was all the testimony in the case; and upon this testimony the defendant requested the judge to instruct the jury " that there was such a variance between the evidence, and the allegations in the indictment, that the indictment could not be maintained, and, more particularly, that evidence that he assumed or pretended to be ' a state constable ' or ' the state constable,' or said that he was such, was not evidence that he assumed or pretended to be ' a deputy of the constable of the Commonwealth,' the offices being distinct, and there being no evidence that he was not a constable appointed by some city or town."

The judge declined to rule as requested, but ruled " that the jury must be satisfied, beyond a reasonable doubt, that the defendant falsely assumed or pretended to be a deputy of the constable of the Commonwealth, and that he took upon himself to act as such; but that he need not have said this in so many words: that they were to judge from what he did say and do, and from all the facts in the case, what he understood that he was doing and what he assumed or pretended to be; that if he assumed or pretended to be the constable of the Commonwealth himself, they must acquit him."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. W. Doherty*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth, to the point that the term "a state constable" means, in common speech, a deputy of the constable of the Commonwealth, cited *Commonwealth* v. *Certain Intoxicating Liquors, ante*, 63.

CHAPMAN, J. It was for the jury to interpret the language and conduct of the defendant, and we cannot see that the evidence was insufficient in law to warrant a verdict against him.

The instructions given them were correct and sufficiently guarded. *Exceptions overruled.*